UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

DEC 11 2008

Clerk, U.S. District and
Bankruptcy Courts

| | |
|---|---|
| Ernest L. Dixon, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.   08 2151 |
| ) | |
| 60-George Ct. ) | |
| Hampton, Virginia, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has submitted in a single day 33 complaints each accompanied by an application to proceed *in forma pauperis*. In 22 of those complaints, plaintiff seeks the keys to a particular property in Virginia. Except for the Raddison Hotel in Norfolk, Virginia, and an address on a boulevard in Newport News, the subject properties are in Hampton, Virginia. Because the Court will dispose of the 22 complaints in the same manner, it will consolidate them into one civil action, grant plaintiff's *in forma pauperis* application and dismiss the case as frivolous.[1]

Each complaint is brief. It identifies the plaintiff as a retired admiral residing at 1600 Pennsylvania Avenue, Washington, D.C., which the Court judicially notices as the address of The White House.[2] In the lead complaint, plaintiff states that he "is suing for the keys at 60-

---

[1] In proceedings where leave to proceed *in forma pauperis* is granted, the Court must "dismiss the case at any time [it] determines that . . . the action . . . is frivolous." 28 U.S.C. § 1915(e)(2)(B)(i).

[2] In some of the complaints consolidated herein, plaintiff adds a zip code of 23607, which is a zip code for Newport News, Virginia. *See* www.usps.com/zip4.

George Ct. for all of my keys at the said address. I want the keys left at the General District Court in Hampton, Virginia and everyone to vacate my premises emediately [sic]. Thank you." Compl. at 1. The remaining 21 consolidated complaints present the same type of claim.[3] In one complaint, for example, plaintiff "is suing for repossession of my United States Post Office Address. . . . I want the chain and combination lock off of my doors, the keys to the said and everyone to vacate my premises emediately [sic]. Thank you. *Dixon v. United States Post Office Queen's Way, Hampton, Virginia 23669.*

Complaints that describe fantastic or delusional scenarios are subject to immediate dismissal. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994). Moreover, a complaint may be dismissed as frivolous when it lacks "an arguable basis in law and fact." *Brandon v. District of Columbia Bd. of Parole*, 734 F.2d 56, 59 (D.C. Cir. 1984). Because each consolidated complaint qualifies for such treatment, the Court will dismiss the case by separate Order issued contemporaneously.

_____
United States District Judge

Date: October ___, 2008

---

[3] The consolidated complaints are: *Dixon v. 1094-McCulloch Road, Hampton, Virginia; Dixon v. 724-Macon Road, Hampton Virginia; Dixon v. 22-Albany Road, Hampton, Virginia; Dixon v. 1777-Newton Road, Hampton, Virginia; Dixon v. 450-Bridge Street, Hampton, Virginia; Dixon v. 54-N. Willard Avenue, Hampton, Virginia; Dixon v. 41-Old BuckRoe Road, Hampton, Virginia; Dixon v. 19-E. County Street, Hampton, Virginia; Dixon v. 28-Great Lakes Drive, Hampton, Virginia; Dixon v. 28-Back River Road, Hampton, Virginia 23669; Dixon v. 43-Back River Road, Hampton, Virginia 23669; Dixon v. Purvis; Dixon v. 3-Lake Phillips Drive, Hampton, Virginia; Dixon v. Sims; Dixon v. 9 Pine Cove Drive, Hampton, Virginia; Dixon v. 73 Columbia-Columbia Avenue, Hampton, Virginia 23669; Dixon v. 1454-Pembroke Avenue, Hampton, Virginia; Dixon v. 112-Kings Way, Hampton Virginia 23669; Dixon v. United States Post Office Queen's Way, Hampton, Virginia 23669; Dixon v. Radisson Hotel Monticello Ave., Norfolk, Virginia; and Dixon v. 237-Denbigh Blvd., Newport News, Virginia.*